# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JENNIFER SCOTT, | CASE NO. 17cv680-WQH-NLS |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MICHAEL LOUIS BRANCH; MICHAEL L. BRANCH, INC. and DOES 1 through 20, inclusive, | |
| Defendants. | |

HAYES, Judge:

On April 4, 2017, Plaintiff Jennifer Scott, proceeding pro se, initiated this action by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1, 2).

## I. Motion to Proceed In Forma Pauperis

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

The documents filed by Plaintiff state that she is the sole caregiver for her spouse who is severely disabled and has been on hospice in recent years. (ECF No. 2). The average monthly income of Plaintiff and her spouse is significantly less than their

combined monthly expenses. After considering Plaintiff's motion, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**II. Initial Screening of the Complaint**

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

The Complaint filed by Plaintiff repeatedly references 28 U.S.C. § 1441(a), the statute providing for the removal of civil actions to federal court, and states, "PLEASE TAKE NOTICE that the Plaintiff in the above-entitled action hereby removes to this Court the above-captioned action." (ECF No. 1 at 1). The Complaint states that removal is proper because the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. A complaint from the Superior Court of the State of California for the County of San Diego and a petition from the United States Bankruptcy Court for the

Southern District of California are attached to the Complaint. *Id.*

Even if Plaintiff intended to file a Notice of Removal, removal would be improper under these circumstances. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute does not provide for removal by a plaintiff. *Id.* In this case, Plaintiff commenced this action in state court and cannot remove her own action to federal court. *See Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)("The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.").

The document filed by Plaintiff is titled "Complaint for Damages Discharged in Chapter 7 Bankruptcy for Continued Collection Efforts Against Creditor" against Defendants Michael Louis Branch; Michael L. Branch Inc. and DOES 1 through 20, inclusive. (ECF No. 1). Plaintiff alleges that she filed a civil complaint in state court on January 16, 2016. *Id.* at 1. Plaintiff attaches the state court complaint as Exhibit A. (ECF No. 1-2). In the state action, Jennifer Scott alleges the following causes of action: (1) "lack of standing to record lis pendens"; (2) intentional infliction of emotional distress, (3) slander of title, and (4) declaratory relief. *Id.* The Complaint in this case alleges, "At the time the Complaint was filed, Plaintiff had an ongoing bankruptcy case in the United States Bankruptcy Court." (ECF No. 1 at 2). The Complaint alleges that "Plaintiff's bankruptcy, schedule F listed [Defendants] as a creditor of Plaintiff." *Id.* The Complaint alleges, "In the bankruptcy filing, Plaintiff inadvertently failed to list the underlying lawsuit on Schedule 'F'." *Id.* The Complaint alleges that "[t]he bankruptcy was finalized and Plaintiff/debtor's debts were discharged." *Id.* The Complaint alleges that Plaintiff "filed a Notice of Discharge with the Superior Court, however the case was not dismissed as Plaintiff/debtor was entitled." *Id.* The Complaint alleges that this

action is for "continued collection efforts on debts discharged in her bankruptcy." *Id.* at 1. The Court concludes that the factual allegations of the Complaint do not identify a cause of action that Plaintiff seeks to bring against Defendants in this Court or the relief she seeks from this Court. The Complaint fails to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**III. CONCLUSION**

IT IS HEREBY ORDERED that the motion for proceed in forma pauperis is GRANTED. (ECF No. 2). The Complaint is dismissed without prejudice. (ECF No. 1). Plaintiff has leave to file an amended complaint within thirty (30) days of the date this Order is issued.

DATED: October 16, 2017

*[signature: William Q. Hayes]*

**WILLIAM Q. HAYES**
United States District Judge